**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:16-CV-02779 RM-MEH

SHARON ETCHIESON, on behalf of herself and all others similarly situated,

Plaintiff,

v.

SYKES ENTERPRISES, INC. and
ALPINE ACCESS, INC.,

Defendants.

---

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COLORADO STATE LAW CLAIMS**

---

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Sykes Enterprises, Inc. and Alpine Access, Inc. ("Defendants") move to dismiss the Plaintiff Sharon Etchieson's Third and Fourth causes of action in the Collective and Class Action Complaint ("Complaint") [Dkt. #1] for alleged violations of the Colorado Minimum Wage Order ("Wage Order") because Defendants are not covered by the CMWO.

**Certificate of Conferral**: Pursuant to Judge Moore's Civ. Practice Standard IV.L.2., counsel for Defendants conferred with counsel for Plaintiff by telephone on December 9, 2016 to determine whether the deficiency in Plaintiff's Complaint can be corrected by amendment. Because the issue of whether Defendants are in an industry covered by the CMWO is a legal issue, Defendants do not believe it can be resolved through the filing of an amended complaint.

## I. BACKGROUND AND COMPLAINT ALLEGATIONS

As alleged in Plaintiff's Complaint,[1] Defendant Sykes Enterprises, Inc. ("Sykes") is a leading provider of call center services. Compl. ¶¶ 18, 44. In August 2012, Sykes purchased Alpine Access, Inc., another leading provider of call center services. Compl. ¶ 19. Between 2013 and 2015, Plaintiff worked for Defendants remotely from her home in Colorado as a Work from Home Customer Service Representative, using a computer to perform customer service work. Compl. ¶¶ 1, 17. Plaintiff provided customer service work for customers and accounts of Defendants. Compl. ¶ 24. To do so, Plaintiff logged in directly to the electronic systems of Defendants' corporate clients, where she accessed client data, downloaded customer information, and handled calls from those clients' customers. Compl. ¶¶ 5, 27.

Plaintiff's Complaint alleges that Defendants violated both the federal Fair Labor Standards Act ("FLSA") and the Colorado Minimum Wage Order, 7 Colo. Code Regs. § 1103-1 ("Wage Order")[2] by: (1) failing to pay minimum wage and overtime for employees' alleged off-the-clock preliminary and postliminary work booting up and booting down their computers; and (2) failing to include certain bonuses and other compensation in the calculation of employees' regular rates of pay, resulting in a failure to pay overtime the proper rate. Plaintiff brings her claims on behalf of herself and those similarly situated, seeking to certify the federal claims as a collective action and the Colorado claims as a Rule 23 class action.

As pertinent to this Motion, Plaintiff's Third Cause of Action alleges Defendants violated

---

[1] Because in ruling on a Motion to Dismiss, the Court must view the alleged facts in the light most favorable to Plaintiff, this factual recitation states the facts as alleged in Plaintiff's Complaint. This recitation is not a concession as to the truth of any of Plaintiff's factual allegations.

[2] The Colorado Minimum Wage Order is reissued each year to reflect the current Colorado minimum wage. Wage Order 32 is currently in effect, and Wage Orders 29-31 were in effect during Plaintiff's employment. The pertinent language cited in this Motion has remained unchanged in Wage Orders 29-32.

the Wage Order by failing to pay minimum wage for all hours worked and overtime at 1.5 times the regular rate of pay for all hours worked in excess of 40 per week, 12 per work day, or 12 consecutive hours regardless of the work day, for preliminary boot-up and postliminary boot-down time. Compl. ¶ 168-173. Plaintiff's Fourth Cause of Action alleges Defendants violated the Wage Order by failing to pay overtime at the proper rate by improperly failing to include bonuses and other like compensation in the regular rate. Compl. ¶ 174-177.

## II. PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION FOR ALLEGED VIOLATIONS OF COLORADO LAW SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. Standard for Dismissal Under Rule 12(b)(6)

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the allegations of the complaint are sufficient to state a claim within meaning of Rule 8(a) as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court must accept well-pleaded allegations in the complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001). Importantly, the Court need not accept as true any legal conclusion, formulaic recitation of elements, unwarranted inference, unreasonable conclusion, or argument. *See, e.g.*, *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557, 570 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. "To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements'." *Perez v. Pinon*

*Mgmt., Inc.*, No. 12-cv-00653-MSK-MEH, 2013 WL 1149567, at *2 (D. Colo. Mar. 19, 2013) (quoting *Iqbal*, 556 U.S. at 678). The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.*; *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "This pleading requirement serves two purposes: to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citation and internal quotation marks omitted).

Dismissal under Rule 12(b)(6) also is appropriate "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotation marks and citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991).

**B. The Colorado Claims Should Be Dismissed Because Defendants Are Not Covered By the Wage Order**

The Wage Order applies only to the industries it specifically lists. Defendants do not belong to any of the four industries covered by the Wage Order: "(A) Retail and Service; (B) Commercial Support Service; (C) Food and Beverage; [and] (D) Health and Medical." 7 Colo. Code Regs. § 1103-1:1. Plaintiff has failed to allege any facts supporting a contention that Defendants are in one of the four industries, and the only allegations show Defendants are not.

Sykes and Alpine, leading providers of customer service call centers, plainly do not belong to classifications "C" (Food and Beverage) or "D" (Health and Medical). Classification A, "retail and service," includes the following businesses:

> [A]ny business or enterprise that sells or offers for sale, any service, commodity, article, good, real estate, wares, or merchandize *to the consuming public*, and that generates 50% or more of its annual dollar volume of business from such sales.

7 Colo. Code Regs. § 1103-1:2 (emphasis added). The Wage Order specifically includes "amusement and recreation," "public accommodations," "banks," "credit unions" and "savings and loans" within the "retail and service classification." Not only does the Wage Order not reference any category of business such as a call center, Plaintiff fails to allege (nor could she) that Defendants generate 50% or more of their annual dollar volume of business from sales "to the consuming public." *See, e.g., Salazar v. Butterball, LLC*, 644 F.3d 1130, 1143 (10th Cir. 2011) (analyzing requirement for sales "to the consuming public" under Food and Beverage classification). Instead, the Complaint is clear that in her role with Defendants, Plaintiff performed customer service work for corporate clients and accounts of Defendants, not the consuming public. Compl. ¶¶ 24.

Respecting classification "B," the Wage Order explains that "commercial support service" includes the following businesses:

> [B]usiness or enterprises engaged directly or indirectly in providing services to other commercial firms through the use of service employees who perform duties such as: clerical, keypunching, janitorial, laundry or dry cleaning, security, building or plant maintenance, parking attendant, equipment operations, landscaping and grounds maintenance.

7 Colo. Code Regs. § 1103-1:*2*. This explanation is confirmed by the Advisory Bulletins and Resource Guide published by the Colorado Division of Labor. Colorado Division of Labor, *Advisory Bulletins and Resource Guide* (March 31, 2012). Again, Plaintiff has not and cannot allege that Defendants provide services through the use of the types of employees that are contemplated by the Wage Order as commercial support service workers.

Colorado courts have noted, with respect to the Wage Order, "had the drafters intended a broad application … [they] could have said so in a far simpler fashion and without examples." *See Salazar v. Butterball, LLC*, 2010 WL 965353, *11 (D.Colo., March 15, 2010); *see also Baldozier v. American Family Mutual Insurance Company*, 375 F.Supp.2d 1089, 1091-92 (holding insurance industry does not fall under definitions of "Retail and Service," "Commercial Support Service" or any other classification, because the "insurance industry" was not included expressly in the plain language of the statute and related guidance). Thus, the Wage Order does not encompass industries which are not expressly included in the statute or related interpretations. This interpretation is consistent with the *Colorado Minimum Wage Order Number 32 Fact Sheet,* which explains the Wage Order "[d]oes not apply to a variety of other industries[.]"

Based upon the allegations in the Complaint, Defendants' employees do not perform "clerical [or] keypunching" tasks like office clerks or data processers, and they do not conceivably provide "janitorial, laundry or dry cleaning, security, building or plant maintenance" services. Nothing in her Complaint remotely implies that Plaintiff was employed as a "parking attendant," in "equipment operations," or involved in "landscaping and grounds maintenance" under the plain meaning of these terms. If the Colorado legislation was intended to cover call

center employees providing customer service—a type of work that is fundamentally different from any of these specific activities that *are* expressly listed—under the umbrella of "Commercial Support Services," those types of duties would have been listed in the regulation. Its conspicuous absence strongly indicates that Defendants are not covered by the Commercial Support Service industry. *See, e.g., Deherrera v. Decker Truck Line, Inc.*, 2015 U.S. Dist. LEXIS 75101, *13-14 (holding term "equipment operation" in definition of Commercial Support Service does not include commercial truck drivers under a "common sense" reading of the regulation).

Plaintiff has failed to allege any fact supporting a contention that Defendants are in one of the industries covered by the Wage Order. Defendants, thus, are excluded from coverage because their business is neither mentioned in, nor contemplated by, any of the Wage Order's definitions. Because Defendants are not in a covered industry, the Wage Order's provisions are inapplicable to them, and Plaintiff cannot state claims against them under the Wage Order.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's third and fourth causes of action for alleged violations of the Colorado Minimum Wage Order pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: December 23, 2016.

*Respectfully submitted,*

*s/ Jennifer S. Harpole*
Andrew J. Voss
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street, Suite 1300
Minneapolis, MN 55402
Telephone: 612.630.1000
Fax: 612.630.9626
Email: AVoss@littler.com

Jennifer S. Harpole
LITTLER MENDELSON, P.C.
1900 16th Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
Email: jharpole@littler.com

ATTORNEYS FOR DEFENDANTS
SYKES ENTERPRISES, INC. and
ALPINE ACCESS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2016, a true and correct copy of the foregoing **DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COLORADO STATE LAW CLAIMS** was filed and served via CM/ECF, which will serve opposing counsel listed below. The duly signed original is on file at the office of Littler Mendelson, P.C.

Rowdy B. Meeks
ROWDY MEEKS LEGAL GROUP LLC
8201 Mission Rd., Suite 250
Prairie Village, Kansas 66208
Rowdy.meeks@rmlegalgroup.com

*s/Arlene Aguilar*
Arlene Aguilar

Firmwide:144520532.1 073324.1042